**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DERRICK HARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV1383(CAS) |
| ) | |
| ROBERT McFADDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Derrick Harvey, a federal inmate currently confined at the Federal Medical Center located in Springfield, Missouri (FMC-Springfield), for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1].

### Background

On July 2, 1999, petitioner pleaded guilty to one count of possessing heroin with intent to distribute and one count of possessing a firearm during and in relation to a drug trafficking crime. See United States v. Harvey, No. 4:99CR81(CAS) (E.D. Mo.). Petitioner was subsequently sentenced as a "career offender" to 210 month's imprisonment on the possession charge and 60 month's imprisonment on the firearm charge. Id. These sentences run consecutively. Id. Petitioner's convictions and sentences were affirmed on direct appeal by the Eighth Circuit

Court of Appeals.  <u>United States v. Harvey</u>, No. 99-3699 (8th Cir., Nov. 14, 2000).

In 2001, petitioner sought, but was denied, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  <u>Harvey v. United States</u>, No. 4:01CV1824(CAS) (E.D. Mo.). Petitioner did not appeal this Court's denial of his § 2255 motion.

**The petition**

Citing <u>Leocal v. Ashcroft</u>, 125 S. Ct. 377 (2004), petitioner challenges his sentencing classification as a "career offender" based on a 1984 Missouri manslaughter conviction.

**Discussion**

Petitioner's request for relief pursuant to 28 U.S.C. § 2241 should be denied.  Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> An application for a writ of habeas corpus in behalf of a prisoner authorized to apply for relief by motion pursuant to this section, shall not be entertained if . . . the court which sentenced him . . . denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because petitioner has previously sought and been denied relief under §2255, he cannot attack the validity of his conviction in a § 2241 proceeding unless he first establishes that the § 2255 action was "inadequate or ineffective."

2

Petitioner argues that § 2255 is "inadequate or ineffective" because his prior § 2255 action was denied and because <u>Leocal</u> - which was decided after his § 2255 action was denied -changed the law with respect to his manslaughter conviction. The "inadequate or ineffective" provision in § 2255, however,

> [D]oes not . . . mean that habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief. If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is `inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempt -- through statutes like the AEDPA -- to place limits on federal collateral review. Courts have understandably refused to adopt this reading of the statute.

<u>Triestman v. United States</u>, 124 F.3d 361, 376 (2d Cir. 1997). Instead, "inadequate or ineffective" means only "the set of cases in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." <u>Id.</u> at 377.

Furthermore, this Court notes that § 2255 provides for the filing of second or successive § 2255 motions when such motions have been certified by a panel of the Eighth Circuit Court of Appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

3

Nothing in the petition or the attached memorandum indicates that petitioner has sought certification to bring a second or successive § 2255 motion based on the purported change made by <u>Leocal</u>.  In short, it is premature for this Court to conclude that § 2255 is "inadequate or ineffective" when - as here - petitioner has not brought his claim to the Eighth Circuit for certification as a second or successive § 2255 motion.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DENIED**.

An appropriate order will accompany this memorandum and order.

Dated this <u>11th</u> day of <u>October</u>, 2005.

                                                                          _____
                                                                          **UNITED STATES DISTRICT JUDGE**