# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DERRICK HARVEY,            )
                                  )
           Petitioner,         )
                                  )
    v.                            )          No. 4:05-CV-1383 CAS
                                  )
ROBERT MCFADDEN,       )
                                  )
           Respondent.      )

## MEMORANDUM AND ORDER

This closed federal prisoner habeas matter under 28 U.S.C. § 2241 is before the Court on petitioner's motion to reopen the instant § 2241 habeas case. Previously, petitioner filed a letter dated March 26, 2007, which the Court construed as a motion to reopen the § 2241 case. In the prior letter motion, petitioner contended that under the Eighth Circuit's decision in United States v. McCall, 439 F.3d 967 (8th Cir. 2006), his state court conviction for manslaughter was not a "crime of violence" and as a result he should not have been sentenced as a career offender. The Court denied petitioner's letter motion because he had not sought certification from the Eighth Circuit Court of Appeals to bring a second or successive 28 U.S.C. § 2255 motion based on the purported change in the law made by McCall and Leocal v. Ashcroft, 543 U.S. 1 (2004). See Order dated April 2, 2007 (reciting procedural history of petitioner's § 2255 and § 2241 habeas motions) [Doc. 9].

In the instant motion to reopen the § 2241 habeas case, petitioner makes the same arguments made in the prior motion to reopen. Specifically, petitioner contends that his state court conviction for manslaughter is not a "crime of violence" under the Eighth Circuit's decision in McCall, 439 F.3d 967. In his supplemental memorandum in support of the motion to reopen [Doc. 12], petitioner

states that the Eighth Circuit's decision in United States v. Torres-Villalobos, 477 F.3d 978 (8th Cir. 2007), supports his position. Petitioner also filed a "Judicial Notice of A Judicative [sic] Facts Pursuant to Fed. R. Evid. 201" in which he cites United States v. Torres-Villalobos, 487 F.3d 607 (8th Cir. 2007), and asks the Court to take judicial notice that the facts underlying his manslaughter conviction were negligent or accidental, and therefore do not qualify as a "crime of violence."

In the Motion to Reopen, petitioner states that he sought certification from the Eighth Circuit Court of Appeals to bring a second or successive § 2255 motion, but the Eighth Circuit denied certification. (Mot. at 2, citing Harvey v. United States, No. 05-4004 (8th Cir. June 7, 2006)). Section 2255 provides for the filing of second or successive § 2255 motions when such motions have been certified by a panel of the Eighth Circuit Court of Appeals to contain a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Although petitioner states that he has now sought certification from the Eighth Circuit, he was denied certification from the Eighth Circuit to bring a second or successive § 2255 motion.[1]

Although petitioner is attempting to seek habeas corpus relief pursuant to Section 2241, it is well settled that Section 2255 is the only remedy available for challenging the validity of a federal conviction or sentence, unless the prisoner can show that a Section 2255 is inadequate or ineffective to test the legality of his detention. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). The 'savings clause' of Section 2255 provides that an application for relief shall not be entertained if it

---

[1]The Court takes judicial notice that petitioner also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Missouri, raising the same issues which he raises in the instant case. Petitioner's § 2241 action in the Western District action was dismissed with prejudice. See Harvey v. McFadden, No. 06-3250-CV-S-SOW-P (July 12, 2006).

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255.

Thus, the issue before this court is whether § 2255 was inadequate or ineffective to test the legality of petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain petitioner's § 2241 claims. The Court believes that § 2255 was adequate and effective in this case, as petitioner has provided no credible evidence to the contrary. The petitioner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (quoting Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). "Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill, 349 F.3d at 1091.

The Eighth Circuit Court of Appeals has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) § 2255 relief has already been denied, (2) the petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one-year statute of limitations and/or grace period to expire. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).

Under these circumstances, where the Eighth Circuit Court of Appeals has denied petitioner certification for leave to proceed with a second or successive motion under § 2255 and there is no evidence that a § 2255 motion is inadequate or ineffective, this Court is without authority to consider petitioner's claims unless and until the Eighth Circuit grants such certification.

3

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Derrick Harvey's Motion to Reopen § 2241 Habeas Case is **DENIED**.  [Doc. 11]

**IT IS FURTHER ORDERED** that petitioner has not shown that reasonable jurists would find it debatable whether the Court's procedural ruling is correct.  As a result, the Court need not address if reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Therefore, this Court will not issue a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _ 24th _ day of September, 2007.